ALLEN & O'HARA, INC. v. KENNETH E. WEINGART AND WIFE, DOROTHY P. WEINGART

No. 7426SC796

(Filed 20 November 1974)

1. Courts § 2— quasi in rem jurisdiction — action arising outside N. C. — attachment of realty in N. C.

The courts of this State obtained *quasi in rem* jurisdiction to adjudicate a cause of action arising wholly outside this State when a nonresident plaintiff, pursuant to G.S. 1-440.1 *et seq.*, attached the real property of a nonresident defendant located in this State. G.S. 1-75.8.

2. Attachment § 3— attachment of property of nonresident — action for money judgment

Attachment was proper in nonresident plaintiff's action to recover a money judgment against a nonresident defendant. G.S. 1-440.2; G.S. 1-440.3 (1).

Allen & O'Hara, Inc. v. Weingart

**3. Attachment § 9— motion to dissolve — necessity for findings of fact**
When the defect alleged as grounds for a motion to dissolve an order of attachment appears on the face of the record, no issues of fact arise, the motion is heard and determined upon the record, and the court need not make findings of fact. G.S. 1-440.36(b).

APPEAL by defendants from *Godwin, Judge,* 27 May 1974 Session of Superior Court held in MECKLENBURG County. Heard in the Court of Appeals on 23 October 1974.

This is a civil action wherein the plaintiff, Allen & O'Hara, Inc., seeks to recover $620,074.00 from the defendants, Kenneth E. Weingart and Dorothy P. Weingart, on a guaranty of completion agreement entered into by the parties.

Plaintiff is a corporation organized and existing under the laws of the state of Tennessee. Defendants are residents of Florida and are owners as tenants by the entirety of certain real property in Mecklenburg County, North Carolina. The record discloses that on 25 February 1974 the plaintiff filed an affidavit, posted a bond, and obtained an order from the Clerk of Superior Court of Mecklenburg County directing the sheriff to attach the defendant's property. On the same day, plaintiff filed its complaint, seeking a money judgment against the defendants. The plaintiff alleged that on 9 June 1972 plaintiff and B. J. S. Builders, Inc., of McIntosh, Florida, entered into a subcontract wherein B. J. S. Builders agreed to furnish certain work, materials, services, tools, labor, and equipment in the construction of two apartment projects in Daytona Beach, Florida. On 20 July 1973, the defendants entered into a contract with the plaintiff wherein the defendants agreed to indemnify the plaintiff against any loss the plaintiff might suffer as a result of the failure of B. J. S. Builders to perform the subcontract. Plaintiff further asserted that the subcontract has not been performed and that the plaintiff has been damaged in the amount of $620,074.00.

The defendants filed answer on 6 May 1974 and asked the court to dismiss the plaintiff's complaint on the grounds (1) that the court lacked jurisdiction over the subject matter and jurisdiction over the person; (2) that there was insufficiency of process and service of process; and (3) that the complaint failed to state a claim upon which relief could be granted. The defendants also asked the court, pursuant to G.S. 1-440.36, to dissolve the order of attachment on the grounds that the court lacked

jurisdiction over the subject matter and jurisdiction over the person.

On 30 May 1974, the trial court denied defendants' motions. Defendants appealed from the denial of their motion to dissolve the order of attachment.

*Farris, Mallard & Underwood, P.A., by Charles H. Cranford for plaintiff appellee.*

*Cole & Chesson by Calvin W. Chesson for defendant appellants.*

HEDRICK, Judge.

[1] The principal question presented by this appeal is whether the courts of this state obtain quasi in rem jurisdiction to adjudicate a cause of action arising wholly outside this state when a nonresident plaintiff, pursuant to G.S. 1-440.1 et seq., attaches the real property of a nonresident defendant located in this state.

G.S. 1-75.8, in pertinent part, provides:

"A court of this State having jurisdiction of the subject matter may exercise jurisdiction in rem or quasi in rem on the grounds stated in this section. A judgment in rem or quasi in rem may affect the interests of a defendant in a status, property or thing acted upon only if process has been served upon the defendant pursuant to Rule 4(k) of the Rules of Civil Procedure. Jurisdiction in rem or quasi in rem may be invoked in any of the following cases:

\* \* \*

(4) When the defendant has property within this State which has been attached or has a debtor within the State who has been garnished. Jurisdiction under this subdivision may be independent of or supplementary to jurisdiction acquired under subdivisions (1), (2) and (3) of this section."

A quasi in rem action is a "proceeding to establish personal liability in which property of a defendant who cannot be subjected to personal jurisdiction is taken into judicial custody by attachment or similar ancillary proceeding to provide both a jurisdictional basis for proceeding and a limited source out of which any personal liability adjudicated can be realized." 1 McIntosh, North Carolina Practice and Procedure § 938.10, at 191 (Phillips Supp. 1970).

Allen & O'Hara, Inc. v. Weingart

Referring to G.S. 1-75.8(4), Dean Phillips further states:

"The grounds for exercise of jurisdiction quasi in rem are stated in terms to include any proceeding wherein property of the defendant within the state has been attached or a debtor of the defendant within the state has been garnished." 1 McIntosh, *supra*, § 938.15, at 193.

Thus, it seems clear that the court in the instant case obtained quasi in rem jurisdiction if the defendants' real property located in this state was properly attached.

[2]   Reference must be made, therefore, to the North Carolina attachment statutes to determine if attachment was permissible in the instant case. G.S. 1-440.2 specifically allows attachment in any action the purpose of which, in whole or in part, or in the alternative, is to secure a judgment for money; and G.S. 1-440.3(1) allows the issuance of an order of attachment in such a proceeding when the defendant is a nonresident. Since the defendants concede both the fact that the plaintiff seeks a money judgment and the fact that he is a nonresident, the grounds for attachment of the defendants' real property were clearly met.

The fact that the plaintiff is a nonresident and that the cause of action arose outside this state does not invalidate the attachment or divest the court of the authority to exercise the quasi in rem jurisdiction obtained by the attachment. See *Walters v. Breeder,* 48 N.C. 64 (1855); *Cheshire National Bank v. Jaynes,* 224 Mass. 14, 112 N.E. 500 (1916); F. James, Civil Procedure § 12.7, at 631 (1965).

[3]   Defendants contend the court erred in not finding facts upon which to base its order denying the motion to dissolve the attachment. When the defect alleged as grounds for the motion to dissolve an order of attachment appears upon the face of the record, no issues of fact arise, and the motion is heard and determined upon the record. G.S. 1-440.36(b). Here, all of the defects alleged as grounds for dissolving the attachment of defendants' property appear on the face of the record, and there was no necessity for the court to make findings of fact. The order denying the motion is

Affirmed.

Judges MORRIS and BALEY concur.