THE MUNCHAK CORPORATION (DELAWARE) AND RDG CORPORATION, A JOINT VENTURE D/B/A THE CAROLINA COUGARS AND THE MUNCHAK CORPORATION (GEORGIA) v. JOE L. CALDWELL

No. 7518SC96

(Filed 7 May 1975)

Process § 13— jurisdiction over foreign corporation — minimum contacts

A foreign corporation which was the assignee of a contract with a professional basketball player had sufficient contacts with this State

to give the courts of this State *in personam* jurisdiction over the corporation in an action to reform a pension provision of the contract where the contract was executed and was to be performed substantially in this State, and the basketball player has remained a resident of this State and receives remuneration under the contract in this State. G.S. 55-145(a)(1).

APPEAL by additional party plaintiff from *Rousseau, Judge.* Order entered 5 December 1974 in Superior Court, GUILFORD County. Heard in the Court of Appeals 10 April 1975.

Plaintiffs brought this action on 14 March 1973 to reform the pension provision of a contract entered into on 30 October 1970 between Southern Sports Corporation and defendant Joe L. Caldwell, a professional basketball player. Defendant answered and counterclaimed for specific performance.

The contract was assigned to The Munchak Corporation (Georgia) on or about 25 July 1974. On 4 November 1974 defendant moved pursuant to G.S. 1A-1, Rule 19, to add the assignee as a party plaintiff. The trial court entered an order on 12 November 1974 granting the motion and giving the additional party ten days in which to file pleadings. On 22 November 1974 Munchak (Georgia) moved, on grounds of lack of *in personam* jurisdiction, to strike the order granting defendant's motion to add it as a party. From the order denying its motion to strike and holding that the trial court had *in personam* jurisdiction pursuant to G.S. 1-75.4(2) and G.S. 55-145(a)(1), Munchak (Georgia) appealed to this Court.

*Younce, Wall and Suggs, by Robert V. Suggs and Peter F. Chastain, for additional plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter and David M. Moore II, for defendant appellee.*

ARNOLD, Judge.

This case presents a two-fold question: the applicability and the constitutionality of G.S. 55-145(a)(1), part of North Carolina's "long-arm" statute, with respect to appellant The Munchak Corporation (Georgia). G.S. 55-145(a)(1) provides:

"*Jurisdiction over foreign corporations not transacting business in this State.*— (a) Every foreign corporation shall be subject to suit in this State, whether or not such foreign corporation is transacting or has transacted business in this

State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause arising as follows:

(1) Out of any contract made in this State or to be performed in this State. . . . "

The record shows, and the trial court found, that the contract which forms the basis of this action was executed in Greensboro and was to be performed substantially in North Carolina. Although defendant Caldwell no longer plays basketball in the State, he has remained a resident of Greensboro and receives remuneration under the contract there. Appellant, as assignee, assumed, with full knowledge of the pendency of this lawsuit, a portion of the obligations under the contract. It stepped into the shoes of the assignor. *See Rose v. Vulcan Materials Co.,* 282 N.C. 643, 194 S.E. 2d 521 (1973); *cf. Koppers Co., Inc. v. Chemical Corp.,* 9 N.C. App. 118, 175 S.E. 2d 761 (1970). The facts of this case manifestly meet the statutory criteria for "long-arm" jurisdiction.

Appellant nevertheless contends that the court's assumption of jurisdiction under G.S. 55-145(a)(1) violates the constitutional requirement of "certain minimum contacts" with the State enunciated by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). We disagree. The North Carolina Supreme Court has said: "It is sufficient for the purposes of due process if the suit is based on a contract which has substantial connection with the forum state." *Byham v. House Corp.,* 265 N.C. 50, 57, 143 S.E. 2d 225, 232 (1965); *Citing McGee v. International Life Ins. Co.,* 355 U.S. 220 (1957); *accord, Goldman v. Parkland,* 277 N.C. 223, 176 S.E. 2d 784 (1970) (contract executed and to be performed in state). While the mere execution of a contract in North Carolina has never been held to be such a connection, we believe that the execution, anticipated performance, and continuing part performance of the contract in Greensboro constitute substantial in-state activity. North Carolina's courts have *in personam* jurisdiction over Munchak (Georgia). The order of the trial court is

Affirmed.

Chief Judge BROCK and Judge PARKER concur.