BALCON, INC. v. ALLEN A. SADLER, D/B/A SADLER CONSTRUCTION COMPANY

No. 771SC397

(Filed 16 May 1978)

1. **Courts § 2— action on account—superior court's jurisdiction over subject matter**

     The trial court had jurisdiction over the subject matter since the Superior Court of Chowan County was a court of general jurisdiction; the subject matter of the case was an account, which was a transitory action; and a court of general jurisdiction has jurisdiction over actions transitory in nature.

2. **Courts § 2.2— property within the State—standards of fairness, reasonableness, substantial justice and minimum contacts applicable**

     According to *Shaffer v. Heitner*, 433 US 186, the standards of fairness, reasonableness, substantial justice and minimum contacts should govern actions *in rem* as well as *in personam*, and jurisdiction cannot be based on the mere presence of property within the State; therefore, the trial court was without jurisdiction in this action to recover a money judgment and for attachment of defendant's real property, since plaintiff and defendant were both residents of Maryland; the cause of action arose in Maryland; and the controversy had no relation whatever to the defendant's realty located in N. C.

3. **Courts § 2— property within the State—jurisdiction in rem—statute unconstitutional**

     G.S. 1-75.8(4) which provides that jurisdiction *in rem* or *quasi in rem* may be invoked "when the defendant has property within this State which has been attached or has a debtor within the State who has been garnished . . ." does not meet the due process standards of *Shaffer v. Heitner*, 433 US 186, and is unconstitutional, but G.S. 1-75.8(5) which extends *in rem* and *quasi in rem* jurisdiction to any action "in which in rem or quasi in rem jurisdiction may be constitutionally exercised" supports such jurisdiction over the property within the state of a nonresident if due process standards are met.

APPEAL by plaintiff from *Tillery, Judge*. Judgment filed 15 March 1977 in Superior Court, CHOWAN County. Heard in the Court of Appeals 28 February 1978.

Plaintiff, a corporation incorporated and doing business in Maryland and neither domesticated nor doing business in North Carolina, instituted this action to recover a money judgment from defendant, an individual resident of Maryland. Plaintiff alleged that defendant owed it $5,360.94 on an account. Defendant owned real property in North Carolina and plaintiff, concurrently with the filing of the complaint, began ancillary proceeding for the attachment of defendant's real property pursuant to G.S. 1-440.1(b). Defendant moved to dismiss plaintiff's action pursuant to G.S. 1A-1, Rule 12, for lack of jurisdiction over the person or over the subject matter.

At the hearing on the motion the court found as fact that plaintiff and defendant were both residents of Maryland and:

> "that the account sued on in the pleading arose by reason of a business transaction in the State of Maryland and the subject matter in controversy, which is the account, arose entirely in the State of Maryland; that there is no suit pending in the State of Maryland for the collection of this account; that the cause of the plaintiff, if any, arose in the State of Maryland; that while the defendant owned property in North Carolina at the date of the filing of this action, that the proceeding in attachment is ancillary in nature and does not give this court jurisdiction of the subject matter of any action that arose in Maryland between citizens of Maryland."

The court then ordered the plaintiff's action dismissed. From this judgment, plaintiff appeals.

*LeRoy, Wells, Shaw, Hornthal, Riley & Shearin by Terrence W. Boyle for plaintiff appellant.*

*Pritchett, Cooke & Burch by W. W. Pritchett, Jr. for defendant appellee.*

CLARK, Judge.

The defendant moved to dismiss on the grounds that the Superior Court of Chowan County lacked jurisdiction over both the subject matter and the person. Though the findings in the judgment relate primarily to the issue of jurisdiction over the person, the trial court concluded that it had no jurisdiction over the subject matter.

A court has jurisdiction over the subject matter if it has the power to hear and determine cases of the general class to which the action in question belongs. A court has jurisdiction over the person if it has the power to bring the person to be affected by the judgment before the court so as to give him an opportunity to be heard. 21 C.J.S., Courts, § 23, pp. 36-37.

[1] The Superior Court of Chowan County is a court of general jurisdiction. N.C. Const., Art. IV, §§ 1, 2, 12. The subject matter of the case *sub judice* is an account, which is a transitory action, as are contract actions in general. A court of general jurisdiction has jurisdiction over actions transitory in nature. Clearly, the trial court had jurisdiction over the subject matter. *Gibbs v. Heavlin*, 22 N.C. App. 482, 206 S.E. 2d 814 (1974).

But the trial court could not exercise its subject matter jurisdiction to adjudicate the case if it did not have jurisdiction over the person of the defendant, and without such jurisdiction the action should have been dismissed.

The plaintiff and defendant were nonresidents of this State, and the action arose in Maryland. Defendant owned real estate in Chowan County; his ownership of this realty did not give the court jurisdiction over the defendant's person. The basis of the court's jurisdiction must rest on plaintiff's proceeding to attach defendant's realty under G.S. 1-440.1. The realty had no relation to the account which is the subject matter of the action. The attachment is a *quasi in rem* proceeding, instituted by plaintiff for the purpose of bringing the realty of the nonresident defendant under the jurisdiction of, and subject to the judgment of, the court. The attachment proceeding is ancillary and does not give the court *in personam* jurisdiction over the defendant. But G.S. 1-75.8(4) gives the court jurisdiction *quasi in rem* when "the defendant has property within this State which has been attached or has a debtor within the State who has been garnished."

The opening sentence of G.S. 1-75.8 is as follows: "A court of this State having jurisdiction of the subject matter *may* exercise jurisdiction in rem or quasi in rem on the grounds stated in this section. . . ." (Emphasis added.) Thus, it appears that the exercise of such jurisdiction is a matter for the discretion of the court. See Anno. 90 A.L.R. 2d 1109; 20 Am. Jur. 2d, Courts, §§ 93, 172; 21 C.J.S., Courts, § 77(b), pp. 116-118. It is clear, however, in the case

before us that the trial court found that it did not have jurisdiction, and not that it in its discretion refused to exercise it.

The foregoing statute and the case law relating to *in rem* jurisdiction has been based on the decisions in *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878), which for a hundred years has provided the conceptual framework for jurisdictional matters in the United States. *Pennoyer* asserted that jurisdiction was defined by two principles: (1) that every state possesses exclusive jurisdiction and sovereignty over persons and property *within* its territory, and (2) that a state cannot exercise direct jurisdiction over persons or property *without* its territory. The decision recognized that the states must comply with the standards of due process but perceived the requirements for jurisdiction over property as conceptually distinct from those applicable to personal jurisdiction. The mere presence of property was sufficient for *in rem* jurisdiction, whereas the presence of the defendant's person within the state was essential for *in personam* jurisdiction. These bifurcated jurisdictional standards have been maintained over the years, with the state courts exercising jurisdiction based on the presence of property in actions *in rem* and *quasi in rem* and exercising personal jurisdiction based on the presence of the person.

The concept of *in personam* jurisdiction has been adjusted by the courts during the past century to meet the needs of a mobile society by judicially circumventing the presence of the person as the basis for jurisdiction with the fictions of implied consent and constructive presence, based on activities in the state, i.e., operating a motor vehicle or doing business.

But the fiction-eroded standards for *in personam* jurisdiction were supported two decades ago by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945), which held that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he is not present within the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

[2] Recently, in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed. 2d 683 (June 1977), the Supreme Court held for the first time that the standards of fairness, reasonableness and substantial justice and the minimum contacts required by *International Shoe* should govern actions *in rem* as well as *in personam*. The

court suggested that all of the circumstances relating to the controversy should be considered in determining reasonableness.

In *Shaffer*, the asserted basis of jurisdiction was the statutory presence of defendants' property in Delaware, by statute the situs for ownership of stock in a Delaware corporation. The action was a stockholder's derivative suit by a nonresident against nonresident officers and directors of a Delaware corporation for breach of corporate duties. In the case *sub judice* the basis of jurisdiction was real property. Where real property has some relation to the controversy, the interest of the State in realty within its borders, and the defendant's substantial relationship with the forum should support jurisdiction. But in the case before us the controversy had no relation to the realty, and *Shaffer* clearly held that jurisdiction could not be based on the mere presence of property. We interpret *Shaffer* as controlling the case *sub judice* if *Shaffer* has retroactive effect.

We find nothing in *Shaffer* relative to retroactive effect of the decision. There is a traditional presumption that an overruling decision is intended to receive general retroactive effect. *Mason v. Cotton Co.*, 148 N.C. 492, 62 S.E. 625 (1908). But the more modern view is that, unless the overruling court expressly indicates retroactivity, the lower courts are entitled to reach their own conclusions on the issue until the overruling court clarifies how much retroactive effect its overruling decision is to receive. Anno., 10 A.L.R. 3d 1371.

*Mason v. Cotton Co., supra*, recognized an exception to the traditional rule, that neither contracts nor vested rights acquired under the former decisions may be impaired by a change of construction made by a subsequent decision. Obviously, *Shaffer*, if retroactive, would remove the plaintiff's right to sue in North Carolina. But this loss of jurisdiction is a procedural matter, and we do not find that it reaches the level of vested rights. We are aware of decisions which have raised procedural rights to the level of "vested rights" where the relying party is denied access to the courts completely. *McSparran v. Weist*, 402 F. 2d 867 (Ca. 3) (1968), *cert. den. sub nom. Fritzinger v. Weist*, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed. 2d 217 (1969). And see *England v. Louisiana Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed. 2d 440 (1964). However, we have no such precedent in this State, and in

---

the case *sub judice* there is nothing in the record on appeal to establish, or even to indicate, that plaintiff would be out of court completely if *Shaffer* be applied retroactively. One of the stated reasons in *Shaffer* for changing the century old rule of law followed since *Pennoyer v. Neff, supra,* is that the old rule offended "traditional notions of fair play and substantial justice." We decline to continue the adherence to that offensive old rule of law and elect to apply *Shaffer* retroactively to the case *sub judice.*

[3] G.S. 1-75.8(4) provides that jurisdiction *in rem* or *quasi in rem* may be invoked "When the defendant has property within this State which has been attached or has a debtor within the State who has been garnished. Jurisdiction under this subdivision may be independent of or supplementary to jurisdiction acquired under subdivisions (1), (2) and (3) of this section." Clearly this statute does not meet the due process standards required by the *Shaffer* decision and is unconstitutional. But G.S. 1-75.8(5) extends *in rem* and *quasi in rem* jurisdiction to any action "in which in rem or quasi in rem jurisdiction may be constitutionally exercised." This statute supports such jurisdiction over the property within the state of a nonresident if due process standards are met.

The judgment of the trial court dismissing the action is

Affirmed.

Judges MORRIS and MITCHELL concur.