GRO-MAR PUBLIC RELATIONS, INC., A CORPORATION v. BILLY JACK ENTER-PRISES, INC., A CORPORATION

No. 7726SC451

(Filed 20 June 1978)

1. **Process § 14; Rules of Civil Procedure § 4— summons directed to Secretary of State as agent for foreign corporation**

   A summons was not insufficient because it was directed to the Secretary of State as statutory agent for service of process on the corporate defendant rather than to the corporate defendant where the caption of the summons and the complaint made it abundantly clear that the corporation was the entity being sued.

2. **Constitutional Law § 24.7— personal jurisdiction over nonresident—insufficient showing**

   Plaintiff failed to establish a ground for the exercise of personal jurisdiction over defendant foreign corporation where plaintiff's complaint alleged only that defendant was indebted to it on an account, but there was no showing as to the basis of the alleged account.

3. **Pleadings § 33.3; Process § 14.4; Rules of Civil Procedure § 15.1— motion to amend complaint to show jurisdiction—denial as abuse of discretion**

   The trial court abused its discretion in the denial of plaintiff's motion to amend its complaint to show that the court had jurisdiction over defendant foreign corporation under G.S. 55-145 by alleging that defendant's indebtedness to plaintiff arose out of a contract to be performed in North Carolina where the court failed to state a reason for refusing to allow the amendment, and there were no apparent reasons for denial of leave to amend. G.S. .1A-1, Rule 15(a).

**4. Constitutional Law § 24.7; Process § 9.1— nonresident—minimum contacts test—actions in rem and quasi in rem**

The "minimum contacts" test of *International Shoe Co. v. Washington,* 326 U.S. 310, for determining a state court's jurisdiction over a nonresident is to be applied in actions *in rem* and *quasi in rem* as well as in actions *in personam.*

**5. Process § 14.3; Constitutional Law § 24.7— attachment of debts in N. C.—insufficiency to give quasi in rem jurisdiction over foreign corporation**

Plaintiff's attachment of certain debts owed to defendant foreign corporation by three North Carolina theatres would not, in itself, give the courts of this State *quasi in rem* jurisdiction of plaintiff's action against defendant to recover on an account where plaintiff's claim to the debts is not the source of the underlying controversy between the parties. The debts may, however, suggest the existence of other ties among the defendant, the State, and the litigation which would give jurisdiction to the courts of this State.

APPEAL by plaintiff from *Graham, Judge.* Judgment entered 13 January 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 March 1978.

Plaintiff, a North Carolina corporation, filed complaint on 6 August 1976 against defendant, a foreign corporation, on an account, seeking judgment for $17,140. Pertinent portions of the civil summons issued are as follows:

"GRO-MAR PUBLIC RELATIONS, INC.
a corporation
                 against
BILLY JACK ENTERPRISES, INC.,
a corporation

STATE OF NORTH CAROLINA

To each of the defendants named below at the indicated addresses —GREETING:

Secretary of State of North Carolina, as Statutory Agent for service of process under N.C. G.S. § 55-145, for Billy Jack Enterprises, Inc., defendant, 12301 Wilshire Boulevard, Los Angeles, California 90025"

Summons was served on the Secretary of State, who mailed summons and complaint to defendant. Plaintiff also obtained an order of attachment and thereafter levied upon certain property of defendant held by three North Carolina theatre corporations.

The theatre corporations answered, praying that the court determine ownership of the funds held by them.

On 10 November 1976, defendant obtained an extension of time to answer or otherwise plead, and on 30 November, defendant moved to dismiss for lack of jurisdiction over the person of defendant, for insufficiency of process, and for insufficiency of service of process. A hearing on defendant's motion was held on 12 January 1977 on which day defendant filed the affidavit of one Thomas R. Laughlin to the effect that he had knowledge of certain facts concerning defendant corporation, that defendant had never had any employees in North Carolina or had any contracts with North Carolina residents, and that defendant had never performed any services in North Carolina and no services had ever been performed for it in North Carolina.

At the conclusion of the hearing, Judge Graham allowed the motion to dismiss for lack of jurisdiction over the person and denied the motions to dismiss for insufficiency of process and service of process. The judge instructed defendant's attorney to prepare an order, and the clerk noted in the minutes for 12 January "For Order." On the following day, plaintiff delivered to Judge Graham a motion to amend its complaint, an amendment, and an order allowing same. The judge refused to sign the order and instead signed an order submitted by defendant allowing the motion to dismiss for lack of jurisdiction over the person of defendant.

Plaintiff appeals; defendant has cross-assigned as error the judge's denial of its motion to dismiss for insufficiency of process and service of process.

*Herbert & Taylor, by Samuel S. Williams and E. Allen Prichard, for plaintiff appellant.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Sydnor Thompson and Fred T. Lowrance, for defendant appellee.*

ERWIN, Judge.

[1] One of the questions presented by this appeal pertains to the sufficiency of the summons. Our Supreme Court, in *Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978), upheld a sum-

mons containing the alleged infirmity with which we are here con-
fronted, *i.e.*, that the summons is not "directed to the defendant"
as required by G.S. 1A-1, Rule 4(b). In holding that the summons
there in question achieved service on the corporate defendant,
Justice Copeland, speaking for the Court, held as follows:

> "In the case *sub judice*, any confusion arising from the
> ambiguity in the directory paragraph of the summons was
> eliminated by the complaint and the caption of the summons
> which clearly indicate that the corporation and not the
> registered agent was the actual defendant in this action. . . .
> Under the circumstances, the spirit certainly, if not the let-
> ter, of N.C.R. Civ. P. 4(b) has been met. In view of this con-
> clusion, we feel that the better rule in cases such as this is
> that when the name of the defendant is sufficiently stated in
> the caption of the summons and in the complaint, such that it
> is clear that the corporation, rather than the officer or agent
> receiving service, is the entity being sued, the summons,
> when properly served upon an officer, director, or agent
> specified in N.C.R. Civ. P. 4(j)(6), is adequate to bring the cor-
> porate defendant within the trial court's jurisdiction." 295
> N.C. at 85, 243 S.E. 2d at 758.

Here it is abundantly clear from the summons caption and the
complaint that the entity being sued is Billy Jack Enterprises,
Inc. and that proper service was had in compliance with G.S.
1A-1, Rule 4(j)(6). *See also* G.S. 55-145(c) and 55-146.

However, we have thus far addressed only the *manner* of ex-
ercising personal jurisdiction over the defendant. G.S. 1-75.3(b)
states in part:

> "(b) *Personal Jurisdiction.*—A court of this State having
> jurisdiction of the subject matter may render a judg-
> ment against a party personally only if there exists one
> or more of the *jurisdictional grounds* set forth in § 1-75.4
> or § 1-75.7 and in addition either:
>
> (1) Personal service or substituted personal service of
> summons or service of publication of a notice of serv-
> ice of process is made upon the defendant pursuant
> to Rule 4(j) of the Rules of Civil Procedure. . ." (Em-
> phasis added.)

Plaintiff's complaint alleges that defendant is indebted to it by virtue of an account. The complaint had two exhibits annexed to it, the first purporting to be an invoice and the second a letter from the vice president—finance of Billy Jack which apparently acknowledges the debt. As G.S. 1-75.3(b) states, jurisdictional grounds must exist before our courts can render judgment against a party personally. It would appear that a possible ground or grounds for personal jurisdiction herein would be one or more of those enumerated in G.S. 1-75.4(5), "Local Services, Goods or Contracts." G.S. 1-75.4(2), however, makes clear that special statutes conferring grounds for personal jurisdiction retain their vitality. G.S. 55-145(a) provides in pertinent part:

> "(a) Every foreign corporation shall be subject to suit in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:
>
> (1) Out of any contract made in this State or to be performed in this State. . ."

[2]   The burden is on plaintiff to establish itself within some ground for the exercise of personal jurisdiction over defendant. *Bryson v. Northlake Hilton*, 407 F. Supp. 73 (M.D. N.C., 1976); *Munchak Corp. v. Riko Enterprises, Inc.*, 368 F. Supp. 1366 (M.D. N.C., 1973). Plaintiff has not met its burden. There is simply an insufficient showing as to the basis of the alleged account, be it for services rendered by plaintiff for defendant in this state, out of a contract made or to be performed in this state, or otherwise, to sustain an assumption by our courts of personal jurisdiction over this foreign defendant.

[3]   Plaintiff, on the day following the hearing on defendant's motion to dismiss, realizing the above deficiency of its complaint, sought leave to amend pursuant to G.S. 1A-1, Rule 15(a). The proposed amendment alleged the jurisdictional grounds of G.S. 55-145 and that there was a contract between the parties to be performed in North Carolina. Plaintiff further sought, by the amendment, to annex an additional exhibit to the complaint, a television and radio budget for advertisements. Plaintiff tendered an order allowing such amendment and conditionally allowing defendant's

12(b)(2) motion to dismiss, "subject, however, to the filing of an amendment to the plaintiff's complaint so as to properly allege jurisdiction of the court over the person of the defendant within five (5) days of the date of this Order." The trial court refused to sign the order. We conclude that the trial court should have allowed plaintiff to amend its complaint.

Rule 15(a) states in pertinent part: ". . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . ." Plaintiff did file "motion for leave to amend." Except for differences in time allotments not material here, Rule 15(a) of the North Carolina Rules is identical to its federal counterpart. *See* Shuford, N.C. Civil Practice and Procedure, § 15-1. The Supreme Court of the United States stated as follows regarding amendments with leave of court in *Foman v. Davis*, 371 U.S. 178, 182, 9 L.Ed. 2d 222, 226, 83 S.Ct. 227, 230 (1962):

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

Our Supreme Court has noted in *Vernon v. Crist*, 291 N.C. 646, 654, 231 S.E. 2d 591, 596 (1977), that ". . . leave to amend should be 'freely given when justice so requires' and that the burden is on the party objecting to the amendment to show that he would be prejudiced thereby. . . ." *See also United Steelworkers of*

*America v. Mesker Bros. Industries, Inc.*, 457 F. 2d 91 (8th Cir., 1972); *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F. 2d 69 (5th Cir., 1961).

Here it is clear that the trial court failed to state a reason for refusing to sign the order tendered by plaintiff, nor do we perceive that there are any "apparent" reasons for denial of leave to amend, examples of such reasons being listed by the Court in the above quotation from *Foman v. Davis*.

Defendant contends that, in any event, the proposed amendment would not have cured the deficiencies of the complaint pertaining to grounds for exercising personal jurisdiction over it and that the allowance of the amendment would, therefore, have been a futile act. It is true that the trial court may, once such amendment is made, still find that plaintiff has not met its burden in this regard, but we cannot conclude that the allowance of the amendment would be futile. Plaintiff sought to amend its complaint to bring itself within the requirements of G.S. 55-145 and to allege that defendant's indebtedness arose out of a contract to be performed in North Carolina. As stated, the pertinent portion of that statute appears to be G.S. 55-145(a)(1).

The U.S. Supreme Court established a trend to broaden a state's jurisdiction over non-residents in the famous case of *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945), where the Court stated the appropriate test as follows:

> ". . . due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " 326 U.S. at 316, 90 L.Ed. at 102, 66 S.Ct. at 158.

Another leading case, *McGee v. International Life Ins. Co.*, 355 U.S. 220, 2 L.Ed. 2d 223, 78 S.Ct. 199 (1957), upheld jurisdiction over a foreign corporation on the basis of a single insurance contract. In interpreting this case, our Supreme Court stated in *Goldman v. Parkland*, 277 N.C. 223, 229, 176 S.E. 2d 784, 788 (1970):

"In *McGee* the United States Supreme Court held it was 'fair' to subject a foreign corporation to jurisdiction when the only contact with the state of the forum (California) was a single life insurance policy mailed to the forum state and on which premiums had been mailed from the forum state to the foreign corporation in Texas, holding that such insurance contract had a 'substantial connection' with the forum state."

Further, in another case dealing with G.S. 55-145(a)(1), *Byham v. House Corp.*, 265 N.C. 50, 57, 143 S.E. 2d 225, 232 (1965), our Supreme Court held, citing *McGee, supra:* "It is sufficient for the purposes of due process if the suit is based on a contract which has substantial connection with the forum state." *See also Chadbourn, Inc. v. Katz*, 285 N.C. 700, 208 S.E. 2d 676 (1974); *Goldman v. Parkland, supra; Byrum v. Truck & Equipment Co.*, 32 N.C. App. 135, 231 S.E. 2d 39 (1977); *Equity Associates v. Society for Savings*, 31 N.C. App. 182, 228 S.E. 2d 761 (1976), *cert. denied*, 291 N.C. 711, 232 S.E. 2d 203 (1977); *Munchak Corp. v. Caldwell*, 25 N.C. App. 652, 214 S.E. 2d 194 (1975), *cert. denied*, 287 N.C. 664, 216 S.E. 2d 907 (1975); *Trust Co. v. McDaniel*, 18 N.C. App. 644, 197 S.E. 2d 556 (1973).

This appeal presents the further question of *quasi in rem* jurisdiction. Plaintiff sought to attach certain debts allegedly owed to defendant by three North Carolina theatres and contends that the trial court obtained *quasi in rem* jurisdiction pursuant to G.S. 1-75.8, which provides in pertinent part:

". . . Jurisdiction in rem or quasi in rem may be invoked in any of the following cases:

\*    \*    \*

(4) When the defendant has property within this State which has been attached or has a debtor within this State who has been garnished. . . .

(5) In any other action in which in rem or quasi in rem jurisdiction may be constitutionally exercised."

The United States Supreme Court, in the recent case of *Shaffer v. Heitner*, 433 U.S. 186, 53 L.Ed. 2d 683, 97 S.Ct. 2569 (1977), held that the *International Shoe* test is to be applied in actions *in rem* and *quasi in rem* as well as actions *in personam*: ". . . all

assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny." 433 U.S. at 212, 53 L.Ed. 2d at 703, 97 S.Ct. at 2584-5.

The Court observed that an important inquiry is whether or not the property serving as a basis for state-court jurisdiction is related to a plaintiff's cause of action:

> ". . . the presence of property in a State may bear on the existence of jurisdiction by providing contacts among the forum State, the defendant, and the litigation. For example, when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction. In such cases, the defendant's claim to property located in the State would normally indicate that he expected to benefit from the State's protection of his interest. . . .
>
> It appears, therefore, that jurisdiction over many types of actions which now are or might be brought *in rem* would not be affected by a holding that any assertion of state-court jurisdiction must satisfy the *International Shoe* standard. For the type of *quasi in rem* action typified by *Harris v. Balk* and the present case, however, accepting the proposed analysis would result in significant change. These are cases where the property which now serves as the basis for state-court jurisdiction is completely unrelated to the plaintiff's cause of action. Thus, although the presence of the defendant's property in a State might suggest the existence of other ties among the defendant, the State, and the litigation, the presence of the property alone would not support the State's jurisdiction. If those other ties did not exist, cases over which the State is now thought to have jurisdiction could not be brought in that forum." 433 U.S. at 208-9, 53 L.Ed. 2d at 700-1, 97 S.Ct. at 2582-3.

Our Court has recently had the opportunity to interpret *Shaffer* in *Balcon, Inc. v. Sadler,* 36 N.C. App. 322, 244 S.E. 2d 164 (1978). There, in reliance on *Shaffer,* G.S. 1-75.8(4) was held to be unconstitutional. But the Court observed that G.S. 1-75.8(5) ". . . supports such jurisdiction over the property within the state of a

nonresident if due process standards are met." 36 N.C. App. at 327, 244 S.E. 2d at 167.

**[4, 5]**   Here, we conclude that under *Shaffer*, the same "minimum contacts" test of *International Shoe* is to be applied regarding *quasi in rem* jurisdiction. This does not appear to be a case, under the *Shaffer* analysis, in which plaintiff's claims to the debts themselves are the source of the underlying controversy between the parties, and, therefore, the debts by themselves would not support *quasi in rem* jurisdiction; they may, however, "suggest the existence of other ties among the defendant, the State, and the litigation." *Shaffer v. Heitner, supra.*

In conclusion, the resolution of the issue of *in personam* jurisdiction involves a two-stage inquiry: First, do the "long-arm" statutes allow our courts to assume jurisdiction over defendant? Assuming they do, does the exercise of such jurisdiction comport with due process? *Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977). Under *Shaffer, supra*, and *Balcon, supra*, it appears that a similar inquiry is to be used regarding jurisdiction *in rem* and *quasi in rem*.

Based on the foregoing, the trial court must be reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges BRITT and CLARK concur.