WARREN B. WHITENER v. OLLIE VEE WHITENER

No. 8129DC381

(Filed 6 April 1982)

1. **Process § 9— action for an accounting—no in rem or quasi in rem jurisdiction**

     In an action in which plaintiff asked for an accounting from the defendant for money which she received in Florida, the action was neither *in rem* nor *quasi in rem* since the action did not affect the debt which was owed by the persons in North Carolina to the parties to the suit nor did the plaintiff garnish the debt in this State as an ancillary proceeding to the action.

2. **Process § 9— interest in note secured by deed of trust—no minimum contact—no in personam jurisdiction**

     The district court properly dismissed an action by plaintiff for an accounting by defendant of monies she had received in Florida as payments on a purchase money note secured by a deed of trust on property in North Carolina due to lack of *in personam* jurisdiction. Defendant sold the property in North Carolina in 1968; she has not been in North Carolina since that time; and G.S. 1-75.4(6)(b) does not give the North Carolina court jurisdiction for a suit against the defendant for an accounting of money she received on the note.

APPEAL by plaintiff from *Greenlee, Judge.* Judgment entered 17 February 1981 in District Court, HENDERSON County. Heard in the Court of Appeals 19 November 1981.

The plaintiff has appealed from an order dismissing this action on the ground the court did not have *in personam* jurisdiction over the defendant. The pleadings establish that the parties to this action were married in 1926 and divorced in 1973. The parties were residing in Florida in 1968 at which time they sold a parcel of real estate in Henderson County and took for it a purchase money note secured by a deed of trust. The defendant has been domiciled in Florida since the property in Henderson County was sold. The plaintiff, who is now domiciled in North Carolina, brought this action for an accounting by the defendant of monies she has received in Florida as payments on the purchase money note. In his complaint the plaintiff alleged that on 2 August 1977 an action identical in substance to the instant case was filed in which an order had been issued to the payors of the note to deliver all payments to the Clerk of Superior Court of Henderson County. A voluntary dismissal has been taken in that action. In his prayer for relief the plaintiff asked for an accounting, a money judgment for any sum due, and that the Clerk of Superior Court

of Henderson County be ordered to continue holding the money paid to him pursuant to the order in the previous action.

The defendant was served process by mailing a copy of the complaint to her by certified mail.

*Lee Atkins for plaintiff appellant.*

*Prince, Youngblood, Massagee and Creekman, by James E. Creekman, for defendant appellee.*

WEBB, Judge.

[1] The plaintiff first contends that the district court has jurisdiction because this is an *in rem* or *quasi in rem* action. Plaintiff argues this is so because there is a debt owed by persons in North Carolina to the parties to this suit. We do not believe this is an action *in rem* or *quasi in rem*. An *in rem* action deals with a proceeding regarding a thing. An action is *quasi in rem* if a thing which is not the subject of an action is attached or garnished in an ancillary proceeding in order to make it subject to the judgment against the defendant. *See Holt v. Holt*, 41 N.C. App. 344, 255 S.E. 2d 407 (1979); *Balcon, Inc. v. Sadler*, 36 N.C. App. 322, 244 S.E. 2d 164 (1978); *Allen and O'Hara, Inc. v. Weingart*, 23 N.C. App. 676, 209 S.E. 2d 839 (1974). In this case the plaintiff has asked for an accounting from the defendant for money which she received in Florida. This does not affect the debt which is owed by the persons in North Carolina to the parties to this suit. This is not an *in rem* action. The plaintiff has not garnished the debt in this state as an ancillary proceeding to this action. This is not a *quasi in rem* action.

[2] The plaintiff also contends the court has *in personam* jurisdiction of the defendant. The parties agree that the defendant was in form properly served so that the court has jurisdiction if this is an action in which the defendant may be served with process outside the state. If the court has *in personam* jurisdiction, it is under G.S. 1-75.4 which provides:

"A Court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

Whitener v. Whitener

\*    \*    \*

(6) Local Property.—In any action which arises out of:

\*    \*    \*

b. A claim to recover for any benefit derived by the
defendant through the use, ownership, control or
possession by the defendant of tangible property
situated within this State either at the time of the
first use, ownership, control or possession or at
the time the action is commenced . . . ."

The plaintiff contends this action involves a claim to recover for a
benefit the defendant derived by the ownership of real estate in
North Carolina, which was sold in 1968 and now is the security
for the payment of a note, and this brings defendant within the
purview of G.S. 1-75.4(6)(b).

In interpreting G.S. 1-75.4(6)(b) as applied to the facts of this
case we have to be mindful of the due process requirements of
the Fourteenth Amendment to the United States Constitution.
The due process clause requires that in order for a court to have
personal jurisdiction over a person not domiciled in the state and
not served with process in the state that the person must have
certain minimum contacts with the state. *See Shaffer v. Heitner*,
433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed. 2d 683 (1977) and *Interna-
tional Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.
95, 161 A.L.R. 1057 (1945). In *Shaffer*, the United States Supreme
Court held that the fact that a person held stock in a Delaware
corporation was not a sufficient contact to give the Delaware
courts jurisdiction over that person. The subject matter of the ac-
tion did not involve the defendant's rights as a stockholder
although it did involve his action as an officer of the corporation.
In *Balcon v. Sadler, supra*, this Court held there was not a suffi-
cient minimum contact to support jurisdiction over a Maryland
resident who owned real estate in this state when the plaintiff,
also a Maryland resident, brought an action in this state on a
claim that arose in Maryland and was unrelated to the North
Carolina real estate. In *Holt v. Holt, supra*, this Court held that
the district court had jurisdiction over a resident of another state
who owned real estate in North Carolina. In that case the plaintiff
sued on a Missouri alimony judgment. The court in that case held

there were several factors which showed there was a relationship between the defendant's North Carolina property and the controversy between the parties. The defendant bought the property shortly after the entry of the Missouri decree which led the court to conclude that he was spending part of his income on the North Carolina property rather than making his alimony payments in Missouri. The parties in a separation agreement had divided property they owned in North Carolina. This Court held that these factors showed that the North Carolina property was a part of the source of the underlying controversy between the plaintiff and the defendant and the court had jurisdiction in a *quasi in rem* action.

In the instant case the record discloses that the defendant sold property in North Carolina in 1968. So far as we can tell from the record she has not been in North Carolina since that time. She does own an interest in a note secured by a deed of trust on property in this state. There is no dispute between the parties as to whether the note should be paid. The only dispute is what has the defendant done with the payments. In *Shaffer v. Heitner, supra,* the fact that the defendants relied on Delaware law to protect their interests as stockholders did not give the Delaware court jurisdiction of the defendants in an action unrelated to their rights as stockholders. We believe that if we read G.S. 1-75.4(6)(b) to give the North Carolina court jurisdiction for a suit against the defendant for an accounting of money she received on the note it would violate the rule of *Shaffer.* This case is distinguishable from *Holt* in that in *Holt* the defendant had invested his money in property in this state rather than pay alimony as ordered by a Missouri decree. The defendant in the instant case had sold her property five years prior to the Florida divorce decree. There is no indication the sale was connected with the Florida action.

In light of the serious constitutional problems that would arise were we to hold otherwise, we hold that G.S. 1-75.4(6)(b) does not give the District Court of Henderson County *in personam* jurisdiction in this case. The action was properly dismissed.

Affirmed.

Judges VAUGHN and HILL concur.