HBD, INC. v. STERI-TEX CORPORATION

No. 8218SC900

(Filed 6 September 1983)

**Constitutional Law § 24.7; Process § 14.3— jurisdiction over foreign corporation — minimum contacts**

Defendant foreign corporation had sufficient minimum contacts with North Carolina so that the assertion of personal jurisdiction over it by the courts of this State in an action to recover the purchase price of bags sold to defendant did not violate due process where defendant submitted written purchase orders to plaintiff for the bags in Greensboro, N.C.; plaintiff accepted the orders in Greensboro, N.C.; and plaintiff manufactured the bags in North Carolina and shipped them to defendant's customers in other states.

APPEAL by plaintiff from *Helms, Judge.* Judgment entered 1 April 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 8 June 1983.

Plaintiff, a North Carolina corporation which manufactures institutional bags, filed an action against defendant, a New York corporation, alleging that defendant had failed to pay plaintiff for bags which plaintiff had manufactured and shipped to defendant's customers pursuant to a contract between the parties. Defendant filed a motion to dismiss for lack of personal jurisdiction. This motion was granted on 1 April 1982. Plaintiff appeals from a judgment entered pursuant to the grant of defendant's motion to dismiss.

*Graham, Cooke, Miles & Bogan, by James W. Miles, Jr., for plaintiff-appellant.*

*McNairy, Clifford & Clendenin, by Harry H. Clendenin, III, and Michael R. Nash, for defendant-appellee.*

EAGLES, Judge.

The question of personal jurisdiction over a foreign corporation must be resolved by means of a bifurcated inquiry. We must first determine whether the North Carolina statutes permit the exercise of jurisdiction over the defendant and, secondly, whether the exercise of that statutory power will violate the due process clause of the Fourteenth Amendment to the United States Constitution. *Hankins v. Somers,* 39 N.C. App. 617, 251 S.E. 2d 640,

*rev. denied,* 297 N.C. 300, 254 S.E. 2d 920 (1979). Since defendant's brief concedes that the first requirement, statutory authority, has been met, we now can address the issue of whether assertion of personal jurisdiction over defendant under the facts of this case will violate the due process clause.

Plaintiff's unverified complaint alleged that

> IV. During the period from July 30, 1980 to August 28, 1981, the Defendant submitted thirty-four separate purchase orders to the Plaintiff in Greensboro, North Carolina for the manufacture and shipment of institutional bag products to the Defendant's customers in the total amount of $21,833.24.

> V. The Plaintiff accepted the Defendant's thirty-four purchase orders in Greensboro, North Carolina, manufactured the bag items which were ordered, and shipped the goods to the Defendant's customers with invoices for the purchase price sent to the Defendant in the total amount of $21,833.34.

> . . .

> IX. Although the Plaintiff has made repeated demands for payment, the Defendant has refused and continues to refuse to pay for any of the items which the Plaintiff manufactured and sold to the Defendant pursuant to the Defendant's purchase orders described in paragraph IV hereinabove.

In general, pleadings need not be verified and no lack of credibility will be implied by the absence of a verification of plaintiff's complaint. G.S. 1A-1, Rule 11(a); *Hankins v. Somers, supra.*

Plaintiff also submitted an affidavit which stated that

> 1. That during the period from July 30, 1980, to August 28, 1981, the Defendant, Steri-Tex Corporation, submitted written purchase orders to the Plaintiff in Greensboro, North Carolina. Each purchase order was accepted by the Plaintiff in Greensboro, North Carolina; the agreements between the parties came into existence when the orders were accepted by the Plaintiff in North Carolina.

> 2. The Plaintiff manufactured the bag items which were the subject of the Defendant's orders. The bag items were

manufactured in the State of North Carolina and therefore, performance of the contract by the Plaintiff occurred in North Carolina.

Defendant filed an affidavit in support of its motion to dismiss which stated

3. That Steri-Tex Corporation is a corporation organized and existing under the laws of a state other than North Carolina and is not doing business in North Carolina;

4. That Steri-Tex Corporation does not own, nor has it ever owned, any property in North Carolina nor does it or has it had an interest in, possessed, or used property in North Carolina;

5. That Steri-Tex Corporation does not have any agents, servants, or employees in the state of North Carolina;

6. That plaintiff solicited, in the state of New York, defendant's business and that all orders were placed from New York and merchandise was shipped to and received by third parties in states other than North Carolina;

7. That any account or contract between the defendant and the plaintiff arises out of solicitations occurring outside of North Carolina, and orders placed and to be completed outside of North Carolina.

The trial court concluded that defendant had insufficient minimum contacts with North Carolina, and that the exercise of personal jurisdiction over defendant would violate due process, based on the following findings of fact:

5. The Defendant Steri-Tex Corporation, does not own, nor has it ever owned, any property in North Carolina, nor does it or has it had an interest in, possessed, or used property in North Carolina.

6. The Defendant, Steri-Tex Corporation, does not have any agents, servants, or employees in the State of North Carolina.

7. The Plaintiff, HBD, Inc., solicited in the state of New York, the Defendant's business, and all orders were placed

from New York and merchandise was shipped to and received by third parties in States other than North Carolina.

8. Any account or contract between these parties resulted from solicitations of the Plaintiff in North Carolina by calling the Defendant outside of North Carolina and orders were placed by Defendant from outside the State of North Carolina.

9. During the period from July 30, 1980, to August 28, 1981, the Defendant, Steri-Tex Corporation, submitted thirty-four written purchase orders to the Plaintiff in Greensboro, North Carolina for institutional bag products in the total amount of $21,833.24. Plaintiff agreed to manufacture the products in North Carolina and to ship the products to Defendant's customers. Each purchase order was accepted by the Plaintiff in Greensboro, North Carolina; the agreements between the parties came into existence when the orders were accepted by the Plaintiff in North Carolina.

10. The Plaintiff manufactured the bag items which were the subject of the Defendant's orders, and such bag items were manufactured in the State of North Carolina and were shipped from the Plaintiff's plant in North Carolina and therefore performance of the contract by the Plaintiff occurred in North Carolina.

We hold that defendant has sufficient minimum contacts with North Carolina, the forum state, to permit the assertion of personal jurisdiction over it. The plaintiff met his initial burden of proving the existence of jurisdiction by a *prima facie* showing that the parties had entered into 34 contracts in Greensboro, North Carolina, and that the plaintiff had performed its obligations under those contracts in North Carolina. Defendant did not contradict either of these allegations in its affidavit and motion to dismiss. We hold that these two elements satisfy the minimum contacts requirement reiterated by the Supreme Court in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L.Ed. 2d 490, 100 S.Ct. 559 (1980). *See Equity Associates v. Society for Savings*, 31 N.C. App. 182, 228 S.E. 2d 761 (1976), *rev. denied*, 291 N.C. 711, 232 S.E. 2d 203 (1977) (decided before *World-Wide*). "[T]he defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled

into court there." 444 U.S. at 297, 62 L.Ed. 2d at 501, 100 S.Ct. at 567.

For the foregoing reason the trial court's judgment dismissing plaintiff's action for lack of personal jurisdiction over the defendant is reversed.

Reversed and remanded.

Judges WHICHARD and JOHNSON concur.